IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| JAMES P. WILLIAMS, | : | CIVIL NO. 3:09-CV-0529 |
| Petitioner, | : | |
| | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF YORK | : | |
| COUNTY, PA, | : | |
| Respondent | : | |

## MEMORANDUM

On March 23, 2009, petitioner James P. Williams ("Williams") filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he attacks the aggregation of sentences for various York County criminal convictions. (Doc. 1.) Preliminary review of the petition revealed that it may be barred by the statute of limitations. See United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005) (*en banc*). Therefore, an order was entered affording the parties the opportunity to address the timeliness of the petition and any applicable tolling of the statute of limitations. (Doc. 6.) Respondent filed a response on May 5, 2009, asserting that the petition was untimely. (Doc. 9.) Williams filed a traverse on May 7, 2009, and a supplemental traverse on May 15, 2009. (Docs. 10, 12.) Following careful consideration of the parties' submissions, and for the reasons discussed below, the court concludes that the petition is subject to dismissal because it is not timely filed. See 28 U.S.C. § 2244(d).

I.  **Background**

Following a jury trial in the Court of Common Pleas of York County for criminal case numbers 3722 CR 2002 and 4082 CR 2002, Williams was found guilty on August 4, 2004, of burglary, robbery, theft by unlawful taking, terroristic threats, false imprisonment, simple assault and recklessly endangering another person. (Doc. 9-2, at 13.) On September 14, 2004, he was sentenced to twelve to twenty-four months in criminal case 3722 CR 2002, and forty-eight to ninety-six months for burglary; twelve to twenty-four months for terroristic threats, and eight to twenty-four months for false imprisonment in 4082 CR 2002. (Doc. 9-2, at 14, 16.) All of the above sentences imposed in 4082 CR 2002, were ordered to run consecutive to the sentence imposed in 3722 CR 2002 arriving at an aggregate sentence of eighty to 168 months.[1] (Doc. 1, Sentencing Transcript, at 23-26.) Counsel for Williams then stated "[s]o that would be - - in years that would be 6 years and 8 months to 13 years and 4 months, is that- - " (Doc. 1, at 26.) The sentencing judge replied "Um-hum." (Id.) Counsel then responded "Okay." (Id.)

A post sentence motion was filed on September 23, 2004. (Doc. 9-2, at14.) The motion was denied on October 15, 2004. No further action was taken in either criminal case until February 7, 2007, when a "Clarifying Sentence Order" was entered stating that "[t]otal sentence is six years eight months to fourteen years (6 years 8 months to 14 years)." (Id. at

---

[1] A sentence of twenty-eight to fifty-six months for robbery, and two twelve to twenty-four month sentences for simple assault and recklessly endangering another person were to run concurrently. (Doc. 1, Sentencing Transcript, at 24-26.)

2

16.)

On March 13, 2009, he filed an application for leave to file a second or successive petition pursuant to 28 U.S.C. Section 2244(b) in the United States Court of Appeals for the Third Circuit. (See Third Circuit Court of Appeals electronic docket sheet for In re Williams, Court of Appeals Docket # 09-1717, Doc. 1.) Thereafter, the application was dismissed for failure to prosecute. (Id. at Doc. 3.) The instant petition was filed on March 23, 2009. (Doc. 1.)

## II. Discussion

The court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). See 28 U.S.C. § 2244(d) (1). A state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . .

3

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001).

Following his September 14, 2004 sentencing, he filed a post sentence motion, which was disposed of on October 15, 2004. No further state court review was sought by petitioner. Therefore, his judgment became final on November 14, 2004, the date on which his time to seek direct appellate review expired. The one-year period for the statute of limitations commenced running as of that date and expired one year later. In the first instance, the petition is untimely. However, the court's analysis does not end here; consideration of both statutory and equitable tolling must be undertaken.

### A. Statutory Tolling

Section 2244(d)(2) tolls the statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Williams did not pursue post-conviction or collateral review. Consequently, statutory tolling does not apply.

### B. Equitable Tolling

"Equitable tolling of the limitations period is to be used sparingly and only in

"extraordinary" and "rare" circumstances. See Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006); LaCava v. Kyler, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. See Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003).

Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, see Robinson v. Johnson, 313 F.3d 128, 142 (3d Cir. 2002); mere excusable neglect is not sufficient See LaCava, 398 F.3d at 276; and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005). Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134

(2d Cir. 2000)).

Williams does not allege that he was misled by the Commonwealth or that he timely asserted his rights mistakenly in the wrong forum. Nor does he state that he was prevented, in some extraordinary way, from asserting his rights. Williams does, however, argue that he was mislead by the court with regard to the length of his maximum sentence. Specifically, he points to the sentencing judge's confirmation of counsel's statement at the sentencing hearing that the maximum sentenced imposed was 160 months. While this is true, review of the sentencing transcript confirms that the maximum sentence imposed was 168 months (24 months + 96 months + 24 months + 24 months = 168 months). In addition there was an order entered in February 2007, clarifying that the maximum sentence was 14 years, or 168 months. In any event, equitable tolling of the AEDPA statute of limitations is not warranted in this situation because, at no time, did the court mislead Williams with regard to the steps he needed to take to preserve his claim.

## III. Conclusion

For the reasons set forth above, the petition for writ of habeas corpus will be dismissed as untimely.

An appropriate order follows.

## IV. Certificate of appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under

6

28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court

Dated: September 16, 2009

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES P. WILLIAMS, : CIVIL NO. 3:09-CV-0529
    Petitioner, :
: (Judge Munley)
:
v. :
:
COMMONWEALTH OF YORK :
COUNTY, PA, :
    Respondent :

ORDER

AND NOW, to wit, this 14th day of September 2009, in accordance with the foregoing memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2254 is DISMISSED as time-barred by the statute of limitations. See 28 U.S.C. § 2244(d).

2. There is no basis for the issuance of a certificate of appealability. 28 U.S.C. § 2253(c).

3. The Clerk of Court is directed to CLOSE this case.

BY THE COURT:

_____
JUDGE JAMES M. MUNLEY
United States District Court